HENRY W. BRAGG, administrator, *vs.* CHARLES A. LITCHFIELD & others.

Middlesex. March 19, 1912. — May 24, 1912.

Present: MORTON, BRALEY, SHELDON, & DeCOURCY, JJ.

*Devise and Legacy, Cy pres,* What estate, Intestacy. *Charity. Widow.*

The residuary clause of a will gave all the residue of the testator's property to his widow for her life and gave her "full power to sell, exchange, invest and reinvest the same," except certain real estate thereinafter specifically devised, and also contained specific devises of real estate to two charitable institutions to take effect after the death of the widow with limitations over to a niece of the testator in case within twenty years after the widow's death the institutions were dissolved or removed from the Commonwealth, and also pecuniary legacies amounting to $61,000 to many other charitable corporations. *Held,* that it did not appear from the will that the testator had any general intent to give to charitable purposes all of the residue of his estate not given to his widow.

The residuary clause of a will read as follows: "All the rest and residue of my estate . . . I give, devise and bequeath unto my wife, N; to have and to hold during her natural life. And she shall be entitled to have and receive the rents, income, interests, dividends and profits from said rest and residue during her natural life, precisely the same as I might do, were I living; and giving my said wife full power to sell, exchange, invest and reinvest the same . . . [subject

to certain exceptions] . . . At her decease I give, devise and bequeath said rest and residue as follows:" Then followed specific devises of real estate and pecuniary legacies amounting to $61,000 to many charitable corporations. The residuary estate was far in excess of the property disposed of by specific devises and legacies. *Held*, that the widow took a life estate only in the residue, and that there was an intestacy after her death as to so much of the estate as was not disposed of by specific devises and legacies. *Held, also*, that it appeared from the will that the testator intended that the provision which he had made for his widow should be a full and final provision for her, and therefore that she could not share in the intestate estate as a statutory heir.

MORTON, J. This is a bill for instructions by the administrator *de bonis non* with the will annexed of William Litchfield, late of Lexington. The testator died on March 4, 1904, leaving a widow but no issue. The will is dated January 30, 1900, and after providing for the payment of his debts specifically devises to the testator's niece, Ida B. Litchfield, two parcels of real estate with limitations over in case she leaves no issue; and to his wife all his furniture, glass, silverware, books, pictures and articles of use and ornament. Certain provisions as to his burial lot follow, and then comes the fifth clause which we quote:

"Fifth. All the rest and residue of my estate, of whatever name or nature and wherever the same may be, or be situated, I give, devise and bequeath unto my wife, Nancy J. Litchfield; to have and to hold during her natural life. And she shall be entitled to have and receive the rents, income, interests, dividends and profits from said rest and residue during her natural life, precisely the same as I myself might do, were I living; and giving my said wife full power to sell, exchange, invest and reinvest the same (except the three houses I hereinafter devise to the 'Winchester Home for Aged Women,' and the three hereinafter devised to the 'Perkins Institution and Massachusetts School for the Blind' which I do not wish sold or exchanged for twenty years at least). But should she deem it necessary, or in her best judgment think it best to sell, and give a good and sufficient deed of any property other than the six estates above mentioned and the two estates above devised to my niece Ida B., within named, she is at liberty to do so. At her decease I give, devise and bequeath said rest and residue as follows:"

Next come (also as a part of the residuary clause) specific devises of real estate to the Perkins Institution and Massachu-

setts School for the Blind and to the Winchester Home for Aged
Women, with limitations over the testator's niece Ida B. Litch-
field, in case either of said institutions should within twenty years
after his wife's death be dissolved or removed from the Common-
wealth. Lastly (also as a part of the residuary clause) there are
fourteen pecuniary legacies to as many charitable corporations
and institutions of various sums amounting in the aggregate to
$61,000. There are no further devises or bequests. At the time of
his death the testator's property amounted to $161,044.35, of
which the personal was $97,994.35 and the real $63,050. The
widow caused all the personal property in excess of the sum of
$61,000 to be transferred into her name. The $61,000 she retained
in her hands and possession as executrix of her husband's will.
She also sold three parcels of real estate and took over the pro-
ceeds into her own name. The amount of the property transferred
by her into her own name was $52,000. It was kept separate by
her from her other funds and securities, and at her death came
into the possession of the executor of her will, who is the plaintiff
in this case. Since the death of the widow the plaintiff has paid
the $61,000 and accumulations to the parties entitled thereto.

The specific devises and legacies and the legacies and devises
given in the residuary clause do not dispose of the entire estate, and
the question is whether there is an intestacy as to what is not dis-
posed of, and if not, where it goes. The heirs at law and next of
kin of William Litchfield, the testator, contend that it is intestate
property and goes to and should be divided amongst them. A
subsidiary question on this branch of the case is whether in that
event the widow takes as a statutory heir. The executor of the
will of the widow and the legatees and devisees named therein
contend that it passed under the terms of the will to her and should
be disposed of as a part of her estate. The charitable institutions
and corporations named in the residuary clause contend that it
should be divided amongst them *pro rata* in augmentation of the
pecuniary legacies and specific devises given to them.

We take up this last contention first. The ground on which it
is urged is that the will shows an intention on the part of the tes-
tator to devote the rest and residue subject to the widow's life es-
tate to charitable purposes, and that a case is therefore presented
for the application of the doctrine of *cy pres* and that a disposition

of the rest and residue amongst the charitable institutions and organizations named in the residuary clause, in proportion to the several legacies and devises given to them will best carry out the intention of the testator. The doctrine of *cy pres* applies only where there is a general charitable intent which otherwise will be defeated. In this case we discover no general charitable intent as to the disposition of what is left of the rest and residue. The most that can be said is that the legacies and devises that were given to the charitable institutions named indicate a charitable disposition towards these objects of the testator's bounty. But that is far from showing an intention to devote all the rest and residue to charitable purposes. So far as the institutions named are concerned the general words of the residuary clause are limited by the amounts specifically given to them. So far from there being a general charitable intent, the contrary is shown by the limitation over to Ida B. Litchfield of the real estate devised to the Perkins Institution and Massachusetts School for the Blind and the Winchester Home for Aged Women, in case either or both of those institutions should be dissolved or should remove from the Commonwealth within twenty years after the death of his wife. What the testator would have done if his attention had been called to the fact that the pecuniary legacies and specific devises did not dispose of the entire rest and residue, is wholly a matter of conjecture. It is possible that they did at the time when the will was made. There is nothing to show the amount of property which the testator then possessed. Whether, if a case were presented for the application of the doctrine of *cy pres* a distribution *pro rata* of what remains amongst the charitable institutions named would best carry out the intention of the testator need not be considered, since we are of opinion that no such case is presented.

It is plain, we think, that the widow took only a life interest in the rest and residue. The language is: "All the rest and residue of my estate . . . I give, devise and bequeath unto my wife, Nancy J. Litchfield; to have and to hold during her natural life. . . . She shall be entitled to have and receive the rents, income, interests, dividends and profits from said rest and residue during her natural life, precisely the same as I myself might do, were I living." Then follows a power to sell, exchange, invest and reinvest subject to certain exceptions, and "at her decease," the tes-

tator says, "I give, devise and bequeath said rest and residue as follows." Though the words "To have and to hold during her natural life" are separated by a semicolon from what precedes them, they are to be taken in connection therewith, and they show the nature of the estate which is given to the widow. This is further shown by the provision that she is to have the income "during her natural life," and by the provision for the disposition of the said rest and residue at her decease. Neither the fact that she was given a power to sell, nor the fact that the testator failed to dispose of all of the rest and residue enlarges the life estate given to her. The case is not one where with the right to the income is given an absolute power of disposition as in *Cummings* v. *Shaw*, 108 Mass. 159, and *Hale* v. *Marsh*, 100 Mass. 468, or where, as in *Chase* v. *Chase*, 132 Mass. 473, there was an absolute and unqualified gift of the use, income and improvement of the estate without any limitation over. The case is readily distinguishable from *Hayward* v. *Rowe*, 190 Mass. 1. The result is that the balance remaining undisposed of must be regarded as intestate property. See *Stearns* v. *Stearns*, 192 Mass. 144.

The only question that remains is whether the widow shared in the intestate property as a statutory heir. A legacy or devise to one who is an heir at law or a statutory heir will not prevent him from taking as heir at law or as a statutory heir in case of a partial intestacy unless it is manifest from the whole will that there was an intention to exclude him on the happening of such an event. *Johnson* v. *Goss*, 132 Mass. 274. *Jones* v. *Gane*, 205 Mass. 37. *Walton* v. *Draper*, 206 Mass. 20. In the present case we think that it appears from the will taken as a whole that the testator intended the provision which he made for his widow to be a full and final provision for her. He specifically bequeathed to her all his "furniture, glass and silver ware, books, pictures and articles of use and ornament." Then he directed that she should have the rents, income, interests, dividends and profits from the rest and residue "during her natural life, precisely the same as I myself might do, were I living"; and added to this "full power to sell, exchange, invest and re-invest the same," and in conclusion provided for the disposition of the rest and residue at her decease. The unavoidable inference from this is, we think, that he intended that she should have the entire use, benefit and improvement of the

rest and residue during her life, and to that end clothed her with full power to manage the same as she should think best, but that he did not intend that she should have any part of the principal of the estate except the furniture, glass, etc. which he specifically bequeathed to her.

The result is that that portion of the estate which is undisposed of will go to and be divided and distributed amongst the heirs at law of William Litchfield.

*So ordered.*

*H. W. Bragg,* administrator, stated the case.

*Asa P. French,* for Charles A. Litchfield and others.

*R. B. Stone,* for the Boston Children's Aid Society.

*H. Wheeler,* for the Children's Hospital and others.

*C. A. McDonough,* for the estate of Nancy J. Litchfield.

*H. H. Folsom, pro se* and for certain heirs at law and next of kin of William Litchfield, submitted a brief.