EUNICE A. HOLMES & others *vs.* JOHN H. WELCH & others, trustees, & others.

Worcester. February 5, 1941. — May 29, 1943.

Present: FIELD, C.J., LUMMUS, QUA, COX, & RONAN, JJ.

*Trust,* Express trust: construction; Charitable trust; Resulting trust; Discretionary powers of trustee. *Devise and Legacy,* Charitable trust, Construction requiring intestacy. *Equity Jurisdiction,* Trust, Remedy at law. *Equity Pleading and Practice,* Bill, Parties. *Probate Court,* Petition, Parties.

A resulting trust for the heirs or next of kin of the testator by partial intestacy might arise under a will if the property of a residuary trust were not exhausted in carrying out directions to the trustee to purchase a suitable lot of land, erect thereon a suitable building for a community house for townspeople and provide a fund for its maintenance, and, if it would be for the best interests of the townspeople and more fully carry out the testator's wishes, to transfer "said property" to the control of a certain charitable association; and therefore heirs or next of kin of the testator had a standing to file a petition in equity in the Probate Court on the alleged grounds that the property in the hands of the trustee was larger than was required to perform the trust and that they were entitled to the surplus.

No adequate and complete remedy on the probate side of the Probate Court was available to the heirs at law and next of kin of a testator to determine whether a residuary trust fund established by the will was larger than needed to carry out the trust provisions and to enforce their rights in any surplus not disposed of by the will.

A petition in equity in the Probate Court was not multifarious merely because it added to a claim by the petitioners for surplus funds in the hands of a trustee under a will a prayer for the removal of the trustee and for determination of rights as between the petitioners and the estate of the testator's widow.

A petition in equity by heirs at law and next of kin of a testator to establish a resulting trust by partial intestacy in what was alleged to be a surplus in the hands of a residuary trustee not needed to carry out directions to the trustee "to purchase a suitable lot of land," "to provide for the erection of a suitable building" for a community house for the townspeople and "to provide a fund for maintaining the same," and, if in his opinion the fund was "insufficient to properly carry out the above provisions . . . to hold the fund until it shall accumulate sufficiently" to carry them out, did not set forth a right to relief where the averments did not show that the trustee had acted arbitrarily, capriciously and in bad faith in continuing to accumulate the trust fund although it had reached a sum exceeding $800,000.

PETITION IN EQUITY, filed in the Probate Court for the county of Worcester on September 25, 1939.

A demurrer by the trustees was heard by *Atwood, J.*, and was sustained; and the petition was dismissed. The petitioners appealed.

*C. W. Proctor, (E. G. Norman* with him,) for the petitioners.

*D. E. Hall,* for the respondents John H. Welch and others, trustees, and another.

*J. Lewiton,* Assistant Attorney General, for the Attorney General.

LUMMUS, J.    This is a petition to the Probate Court by the greater part of the heirs of Wendell P. Clark, late of Winchendon, who died on April 16, 1919, and whose will was allowed in said court on June 24, 1919. The will gave the residue of the estate to trustees, to hold for the lives of certain persons who are now dead, and then the trustees were directed "to purchase a suitable lot of land, and to provide for the erection of a suitable building, to be located in said Winchendon, for a Community House for the benefit of the people of the Town of Winchendon, and to provide a fund for maintaining the same." The will continued as follows:

"If in the opinion of said Trustees the fund is insufficient to properly carry out the above provisions, they are to have full power to hold the fund until it shall accumulate sufficiently to so carry out the above provisions, so as to have a building adapted to the times when it is built.

"I desire this building and fund to be known as, and maintained under the name of the Wendell P. Clark Memorial. If in the opinion of said trustees it would be for the best interests of the people of the Town of Winchendon and would more fully carry out my wishes the said Trustees are hereby authorized and empowered to establish an association or branch Young Men's Christian Association in Winchendon in which case the said Trustees are to consult with, and act in connection with the State Executive Committee of the Young Men's Christian Association of Massachusetts and Rhode Island, and when they deem it best to transfer

to the control of the proper association said property, they are at liberty to do so, reserving the right to resume possession of the same, whenever the association shall fail to properly carry out the intention of this instrument. This freedom of action is given the Trustees as circumstances change with changing years, and relying on my Trustees to see that my intentions are carried out."

The petition alleges that the trust fund exceeds $800,000; that the trustees have failed to erect a community house or to purchase a lot of land therefor, or to provide a maintenance fund for the same "although the amount of funds and property in their hands is more than adequate and more than sufficient so to do"; that the trustees have not after demand formed a decision as to the amount of principal that is necessary for those purposes, or else have made a determination to accumulate a larger sum than they now have, which determination is not made in the exercise of reasonable discretion and judgment and is not in accordance with the terms of the will or for the benefit of the people of Winchendon; and "that the property in the hands of the trustees is more than sufficient and adequate to carry out the purposes of the will and that as a result thereof there is a surplus which is undisposed of and constitutes a partial intestacy and belongs to the heirs at law as a resulting trust." The prayers, among other things, ask that the court determine the amount necessary to carry out the provisions of the will, and incidentally that the executor of the will of Mary E. Clark be determined to have no right to share in the surplus; that the trustees be removed and others be appointed in their stead; and that the surplus be paid over to the petitioners.

The Probate Court sustained demurrers to the petition, and dismissed the petition. The petitioners appealed to this court.

The grounds of demurrer first to be considered are stated in the following terms: "That the petitioners have no interest or concern in the matters set forth in the petition"; that "the petitioners have no interest or concern in the administration of said trust and no standing to petition for

the removal of the trustees thereunder"; that "it does not appear from the petition that the petitioners have any interest or concern in the property alleged to be in the hands of these respondents as trustees under the will of Wendell P. Clark"; that "the petitioners have no interest or concern in the performance by these respondents of their duties as trustees under the residuary bequest in the will of Wendell P. Clark, and no standing to bring this petition"; that "it appears from the petition and the will of Wendell P. Clark annexed thereto that by said will all of the rest and residue of his estate was bequeathed to the trustees thereunder upon the trusts therein set forth under which the petitioners are not beneficiaries and in which they have no interest"; and that "the allegation that there is an undisposed of surplus in the hands of these respondents which constitutes a partial intestacy and belongs to the heirs at law of Wendell P. Clark as a resulting trust is an allegation of law and conclusion not warranted by any facts alleged."

These grounds of demurrer raise the question whether the gift is wholly for charity generally, without the possibility of any surplus to which the heirs might be entitled, with the result that no one but the Attorney General has any standing to enforce the provisions of the will.

It is true that a construction of a will leading to a partial intestacy is not favored and will not be adopted unless plainly required by the language. *Casey* v. *Genter*, 276 Mass. 165, 170. *Weeks* v. *Pierce*, 279 Mass. 108, 118. *Devine* v. *Deckrow*, 299 Mass. 28, 31. *Robertson* v. *Robertson*, 313 Mass. 520, 525. But if the specific directions of the will cannot be carried out, or when carried out leave a surplus that cannot be used therefor, there must be a resulting trust for the heirs or next of kin unless there is a general charitable intent permitting the application of the fund to other charitable purposes under the cy pres doctrine. *Bragg* v. *Litchfield*, 212 Mass. 148, 151. In the present case the testator gave no indication that his bounty was not to be limited to the purposes provided for by the will. No intent appears to have any part of the trust fund devoted to any other charitable purpose. Under these cir-

cumstances the cy pres doctrine does not apply, and any surplus must be held on a resulting trust for the heirs or next of kin of the testator. *Easterbrooks* v. *Tillinghast*, 5 Gray, 17. *Stratton* v. *Physio-Medical College*, 149 Mass. 505. *Bullard* v. *Shirley*, 153 Mass. 559. *Teele* v. *Bishop of Derry*, 168 Mass. 341. *Bowden* v. *Brown*, 200 Mass. 269. *Bragg* v. *Litchfield*, 212 Mass. 148. *Dodge* v. *Anna Jaques Hospital*, 301 Mass. 431. The case of *Society for Promoting Theological Education* v. *Attorney General*, 135 Mass. 285, is distinguishable, for there the testator expressly directed that the entire income of the trust be devoted to charitable uses. The provisions of the will before us might be shown not to have disposed of the entire trust fund for charitable purposes. The trustees were not required to transfer the "said property" (whatever that may mean) to the control of the proper Young Men's Christian Association under any conditions if they deemed that doing so would not carry out the testator's intentions; and therefore a resulting trust might arise either if they had in their hands at any time more funds than were necessary to make the purchase of land, erect the building, and establish the maintenance fund and if they decided not to make the suggested transfer. In *Richardson* v. *Mullery*, 200 Mass. 247, the gift was of only about $6,000, "to the life saving station to be built and established in Marblehead or Nahant." Although the United States disclaimed the gift, another trustee could be appointed. There appeared to be no difficulty in applying the fund to the very use intended by the testatrix, though not through the agency of the government.

In our opinion the petitioners show an interest in whatever surplus may be left after the charitable provisions of the will of Wendell P. Clark are carried out. Their interest is not represented by the Attorney General, but may be vindicated by a petition in their own right. The case of *Chase* v. *Dickey*, 212 Mass. 555, 559, 560, is not inconsistent with this, but rather in favor of it.

This conclusion is not affected by the fact that part of the fund in the hands of the trustees came from the estate of Mary E. Clark, the widow of Wendell P. Clark, who

died on March 10, 1933. By her will she gave "to the trustees appointed or that may hereafter be appointed under the will of my husband, Wendell P. Clark, which will was allowed by the Probate Court at Worcester, January [June] 24, 1919, all the rest, residue and remainder of my estate of every kind and description and wherever situated, but in trust nevertheless, to be added to and become a part of the fund created by said will for the erection and maintaining of a building in the Town of Winchendon, as more fully set forth in said will, as a Community House or as a branch or association of the Young Men's Christian Association." The will of Wendell P. Clark directed the trustees to pay to said Mary E. Clark "such sums of money as she may require from time to time, for her comfortable support and use," out of principal if necessary. She elected to accept this provision out of her husband's estate. The amount of the residue passing under the will of Mary E. Clark does not appear. The parties are in controversy, if there is a resulting trust, as to whether it is in favor of the heirs and next of kin of Wendell P. Clark alone, or whether those who now possess the rights of Mary E. Clark can share in it. We do not find it necessary to decide that question on demurrer, for even if those who now possess the rights of Mary E. Clark can share pro rata, the petitioners will share also.

Some of the grounds of demurrer may be disposed of without much discussion. The petitioners had no complete and adequate remedy on the probate side of the court, for probate practice affords no means of trying the question how much should be set aside for the charitable purposes specified. Waiting until the trustees should act, and then objecting to their accounts, would hardly be a sufficient remedy. The petition is not multifarious for the reason that it adds to the main claim of resulting trust allegations and prayers relating to removal of the trustees and to questions between the petitioners and the estate of Mary E. Clark. There is no inflexible rule as to multifariousness. It is not indispensible that all parties have an interest in all matters set forth. It is sufficient if the matters are so con-

nected that all may be conveniently settled in one suit. *Cosmopolitan Trust Co.* v. *Mitchell*, 242 Mass. 95, 123.

The last ground of demurrer to be considered is that the petition sets forth no ground for relief. The will leaves much to the discretion of the trustees. They are to purchase the building lot "as soon as they may deem it advisable." No time is fixed, other than such as may appeal to their discretion. If they think the fund insufficient, they may hold it "until it shall accumulate sufficiently to so carry out the above provisions." They need not buy or build until satisfied that the fund has become sufficient. Since the gift is for maintenance as well as the original purchase and erection, the sufficiency of the fund involves foresight into the financial future. It is common knowledge that the income from investments has grown much smaller since the will was made, and it would be rash to prophesy improvement in the future. The decision of the trustees to accumulate the fund cannot be overriden by the courts unless the trustees decide arbitrarily, capriciously or in bad faith. *Hawes Place Congregational Society* v. *Trustees of the Hawes Fund*, 5 Cush. 454. *Wright* v. *Blinn*, 225 Mass. 146, 148. In *Dumaine* v. *Dumaine*, 301 Mass. 214, 223, it is said: "The discretion conferred is not an empty one. It confers an important responsibility to make a determination which, if honestly exercised, calls for no revision by the court." See also page 224.

The petition, in its twelfth and thirteenth paragraphs, alleges that the trustees were bound to determine the amount necessary for the charitable purposes specified, but have refused to do so, although demand was made upon them — by whom, is not stated — to do so. The trustees were not bound to respond to an anonymous demand, and the time of making the determination is left to their discretion. It may be that in good faith they are convinced that further accumulation is necessary, and that the time for determining the amount necessary has not arrived. Then the petition alleges, as an alternative to the allegations just recited, that "if" the trustees have determined to accumulate the fund further, that such determination is not made in the exercise of

"reasonable discretion and judgment." The court cannot substitute its own discretion and judgment for those of the trustees. There is no allegation that the trustees have decided arbitrarily, capriciously or in bad faith.

*Decree sustaining demurrers and dismissing petition affirmed.*