CHARLES ALVIN BRADWAY, executor, *vs.* MAYO A. SHATTUCK
& another, trustees, & others
(and thirteen companion cases[1]).

Suffolk.   November 9, 1949. — January 3, 1950.

Present: QUA, C.J., LUMMUS, RONAN, & WILKINS, JJ.

*Trust,* Charitable trust, Termination.   *Charity.   Probate Court,* Appeal.
*Attorney General.*

An appeal by the Attorney General from a decree of a Probate Court
    ordering termination of a charitable trust and distribution of the trust
    property as sought in several cases consolidated for consideration by
    the court brought to this court the question of the propriety of the
    decree as to all the cases.
Under the provisions of a will giving property to trustees and directing in
    substance that the trustees "carefully and thoroughly consider the
    practicability" of certain charitable institutions which the testator ex-
    pressed a desire to establish, and that the trust property be used to es-
    tablish them if, "after full and careful consideration," they deemed
    their establishment "practicable and desirable," and further directing
    that if, "after taking time for full consideration of the matter but not to
    exceed three years," the trustees deemed such establishment to be "in-
    expedient and impracticable," the trust property be divided among
    certain named beneficiaries, a termination of the trust and such dis-
    tribution could not be required by such beneficiaries where it appeared
    that within the designated three years the trustees had not affirma-
    tively deemed the establishment of the institutions inexpedient and
    impracticable, but on the contrary, after "full consideration," in
    several ways had expressed a determination that use of the trust prop-
    erty for such establishment would be expedient and practicable: in
    the circumstances the ultimate establishment of the institutions had
    become a fixed legal duty of the trustees which could not be renounced
    or abandoned so as to defeat the charity.

[1] The companion cases were brought by American Board of Commissioners
for Foreign Missions, American Missionary Association, Berea College, Boston
Young Men's Christian Association, Congregational Church Building Society,
Congregational Home Missionary Society, Frank W. Dunlap & another,
Evangelistic Association of New England, Hampton Institute, New England
Home for Little Wanderers, Northfield Schools, Tuskegee Institute, Woman's
Board of Missions.

Bradway *v.* Shattuck.

FOURTEEN PETITIONS, filed in the Probate Court for the county of Suffolk on April 30, 1947, and on sundry other dates.

The cases were consolidated by agreement of the parties and were heard by *Wilson*, J.

*W. Powers & M. A. Shattuck, (J. B. Dolan & J. F. Farr* with them,) for the trustees under the will of Frank Wood.

*G. J. Barry*, Assistant Attorney General, (*L. E. Ryan* with him,) for the Attorney General.

*A. S. Allen*, for Frank W. Dunlap and another.

*H. S. Davis*, for Wellesley College.

*F. Foster*, for Tuskegee Institute and others.

*S. H. Wellman*, for American Board of Commissioners for Foreign Missions, and others.

*V. P. Clarke*, for Evangelistic Association of New England.

*T. H. Russell*, for Boston Young Men's Christian Association.

*W. H. Hitchcock*, for City Missionary Society, submitted a brief.

*R. S. Bowers*, for Bradway, executor.

LUMMUS, J. This case originated in a petition to the Probate Court to have the trust under the will of Frank Wood terminated and its assets distributed. Various claimants of the trust assets appeared. The facts are as follows.

Frank Wood died in Boston on March 27, 1914, leaving a widow Lillian Neale Wood and a nephew and a niece, Frank W. Dunlap and Eleanor Dunlap Lindsay. His will gave numerous bequests to individuals and charities. The parts of the will now material are as follows: "Twentieth: Believing that great good can be accomplished by the establishment of a home for needy and indigent convalescents and a home for incurables, it is my desire to found such institutions in my life time, but should I for any reason fail in the accomplishment of this purpose, I hereby give, devise and bequeath to said Lillian Neale Wood and Robert F. Herrick of Milton, Massachusetts, all my land on Morton Street in Dorchester aforesaid, containing forty acres more or less, and the

sum of Fifty Thousand (50,000) dollars in money, but in trust nevertheless for the following purposes, namely: To carefully and thoroughly consider the practicability of such organizations, and if, after full and careful consideration, they deem it practicable and desirable, they are to use said money in founding and establishing institutions providing a home for destitute convalescents and a home for needy incurables, or either of them, upon the land above devised on Morton Street, under such rules and regulations as they deem wise and expedient, to be known as the Convalescents Home and the Home for Incurables."

A later provision of the will was as follows: "Should said trustees deem it inexpedient and impracticable to establish such Home or Homes as above provided, after taking time for full consideration of the matter but not to exceed three years, I hereby direct them to divide the land and money given them for said purpose among such beneficiaries of this will in such amounts as they may in their judgment deem advisable and expedient."

The twenty-first and residuary provision of the will was as follows: "All the rest and residue of my property and estate, real, personal or mixed, of which I shall die seized and possessed or to which I may be entitled at the time of my decease, I give, devise and bequeath to the Convalescents Home and the Home for Incurables, if either or both of them are established as above provided, but should my trustee deem it inadvisable to found one or both of said Homes, then to the trustees hereinbefore named, to be divided among such beneficiaries herein named in such amounts as they in the exercise of their discretion may deem advisable."

During his lifetime the testator never founded the proposed homes or either of them. The will was proved and, allowed on April 16, 1914, when Lillian Neale Wood and Robert F. Herrick were appointed executors. Their inventory showed personal estate of $695,748.13 and real estate of $79,166.01.

On March 26, 1915, Mr. Herrick and Mrs. Wood, with five other persons, incorporated Wood Memorial Home,

Inc., for the purpose of establishing, maintaining and operating a home for incurables and a home for convalescents. On March 31, 1915, Mr. Herrick and Mrs. Wood conveyed the Morton Street land to Wood Memorial Home, Inc. On September 1, 1915, Mrs. Wood married Charles Alvin Bradway. On February 14, 1916, Mrs. Bradway (formerly Wood) and Mr. Herrick qualified as trustees under the will, and they held those offices until Mrs. Bradway died on July 12, 1938, and Mr. Herrick died on October 13, 1942. They paid large sums out of the estate to Wood Memorial Home, Inc. Their deed to Wood Memorial Home, Inc., was in legal effect their deed as trustees. *Shattuck* v. *Wood Memorial Home, Inc.* 319 Mass. 444, 448–449.

After the deaths of the original trustees, Mayo A. Shattuck and Walter Powers were appointed their successors as trustees on May 5, 1943. These successor trustees obtained on June 14, 1946, a final decree after rescript in *Shattuck* v. *Wood Memorial Home, Inc.* 319 Mass. 444, that Wood Memorial Home, Inc., must reconvey to the successor trustees the land and more than $400,000 in money and securities that it had received from the original trustees. That decree has been complied with.

On December 19, 1946, Charles Alvin Bradway, as executor of the will of his deceased wife, who was the widow of Frank Wood, filed a petition to have the trust terminated and its assets distributed. Various other beneficiaries named in the will filed similar petitions or made a similar claim in their answers. The successor trustees and the Attorney General oppose those petitions and claims, and assert that the trust has not failed but remains in full force. The Probate Court on February 24, 1948, entered a final decree covering all those petitions and claims, in which it ordered a distribution among the beneficiaries of the will in certain proportions stated in the decree. The successor trustees, and also the Attorney General, appealed, as did certain beneficiaries who were dissatisfied with the nature of the distribution ordered. We need not consider whether the successor trustees had a right to appeal, for it is suffi-

cient if one appellant can raise the questions involved. *Northampton* v. *Smith*, 11 Met. 390, 393. The Attorney General certainly had a right to appeal, and his appeal brings the whole decree before this court. G. L. (Ter. Ed.) c. 12, § 8. *City Bank Farmers Trust Co.* v. *Carpenter*, 319 Mass. 78, 81.

We think that within three years after the appointment of the original trustees on February 14, 1916, they had, after full consideration, determined that it was expedient and practicable to establish the home or homes which the testator contemplated. The deed from the original trustees to Wood Memorial Home, Inc., on March 31, 1915, recited that the trustees "have considered the foundation of such a Home, and have deemed it practical." Other words used by the original trustees, in writing as well as orally, and also their acts, demonstrate that within the three years they had judged it expedient and practicable to establish those homes. We do not find that the original trustees made their determination without "full consideration." Their compliance with the will is to be presumed, and they asserted in the deed above mentioned that they "have considered the foundation of such a Home, and have deemed it practical." The will fixed no time within which the homes were to be begun or completed. *Seagrave's Appeal*, 125 Pa. 362.

No division among the beneficiaries under the will was to take place unless within three years the trustees should affirmatively deem the establishment of the homes inexpedient and impracticable. In the absence of such a deeming or determination within three years the ultimate establishment of the homes became the fixed legal duty of the trustees, and could not afterwards be renounced or abandoned so as to defeat the charity. *Attorney General* v. *Lowell*, 246 Mass. 312, 323. *City Bank Farmers Trust Co.* v. *Carpenter*, 319 Mass. 78, 80. When as here the persons appointed by the testator to determine the expediency and practicability of establishing the homes have made their decision, "The judgment of the court cannot be substituted

for the discretion of the constituted authorities, when fairly exercised," even though the court might think the decision wrong, which we do not intimate.   *Eustace* v. *Dickey,* 240 Mass. 55, 83.   *Holmes* v. *Welch,* 314 Mass. 106, 112.   Scott, Trusts (1939) § 382.

The result is, that the decree of the Probate Court is reversed, and a new decree is to be entered dismissing all petitions and claims for distribution of the trust estate.

*So ordered.*