WILLIAM J. MACKEY & another, executors, *vs.* JULIA BOWEN & others.

Norfolk. November 3, 1954. — February 3, 1955.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Devise and Legacy,* Charitable gift. *Charity. Executor and Administrator,* Distribution.

A legacy of the residue of an estate to a church for the erection of a memorial altar should be paid by the executor to the legatee in full if the legatee was willing to accept it; there was no merit in a contention by the testator's heirs that the court should ascertain the cost of the altar, fix a time for its erection, and order any surplus to be paid to the heirs. [169–170]

Upon a petition by executors for instructions with respect to a legacy to a church for the purpose of erecting a memorial altar, there was no present occasion for the inclusion in the decree of an order for the use of the legacy cy pres for other memorials as well as an altar although the will revealed a general charitable intent; it would be time enough for an order cy pres when it should appear that an altar had been erected without exhausting the legacy. [170–171]

A legacy of the residue of the testator's estate to a church for the purpose of erecting an altar as a memorial to him and certain members of his family was a gift to a public charity, and, where the will disclosed a general charitable intent and an intent to exclude his heirs from participating in his estate, a resulting trust for them in the legacy by intestacy would not arise even if the legatee should not accept it or should not use all of it for the purpose specified by the testator. [171]

PETITION, filed in the Probate Court for the county of Norfolk on August 5, 1953, for instructions by the executors of the will of Joseph P. Burke, late of Brookline.

The case was heard by *Reynolds,* J.

In this court the case was submitted on briefs.

*Nyman H. Kolodny & Arthur A. Karp,* for the respondents Julia Bowen and others.

*Frederick W. Mansfield & Joseph F. Dee, Jr.,* for the respondents Roman Catholic Archbishop of Boston and another.

WILKINS, J.    The executors under the will of Joseph P. Burke, who died June 5, 1952, bring a petition for instructions as to their duties with respect to a bequest: "To the Church of the Infant Jesus of Brookline, all the rest and residue of my property, real, personal and mixed, for the purpose of erecting an altar to my memory and that of my wife, my father and mother, brothers and sisters."    They allege that the residue is about $40,000, and that title to the church property is in the respondent Roman Catholic Archbishop of Boston, a corporation sole.    Other respondents are the "pastor for the time being" of the church and the heirs at law and next of kin of the testator.    The instructions requested are whether the entire residue should be paid to the corporation sole, and if not, to whom; and whether the altar should be erected on the premises of the church or elsewhere in the archdiocese.    The decree recited that the testator expressed a strong intent to exclude the respondent heirs at law and next of kin from participating in his estate, and that his primary intent was to establish with the residue a suitable memorial for himself and these members of his family.    The decree instructed the executors to pay over the entire residue to the corporation sole "for the sole use and benefit of the parish of the Church of the Infant Jesus, located in said Brookline, for the purpose of erecting and establishing therein an altar and/or such suitable memorial or memorials as shall be erected and established therein under the direction and supervision of said corporation sole, all as a remembrancer of the testator

and his wife and the testator's father, mother, brothers and sisters." The respondent heirs appealed.

Although there is an allegation that the petitioners believe that the cost of erecting an altar will be substantially less than the amount of the residue, little evidence of cost was introduced. Apart from the recitals in the decree, the judge made no findings, but from the reported evidence we find these facts. The parish of the Church of the Infant Jesus is relatively new, having been set off in 1938 from another parish. Its present edifice is a small one story wooden structure without basement built in a short time in 1938 so as to relieve crowding at services then held temporarily in an old schoolhouse. The intention to erect a new church building has been common knowledge among the parishioners. In that event a new altar will be required. The one in use was discarded by another parish. In the words of the pastor, altars vary in cost "from a couple of hundred dollars to as much as you want to pay," depending on the funds available. The testator, who once lived in this parish, often expressed the hope that he would see the day when it would build a new building.

The respondent heirs argue that the case should be remanded to the Probate Court to ascertain whether the corporation sole will accept the gift for the purpose of erecting a memorial altar; if accepted, to ascertain the cost, to fix a reasonable time for the erection, and to order the surplus to be distributed among the heirs at law; and if rejected, to order distribution of the entire amount.

A construction of a will leading to partial intestacy is not favored and will not be adopted unless plainly required by its language. *Robertson* v. *Robertson*, 313 Mass. 520, 525. *Anderson* v. *Harris*, 320 Mass. 101, 104–105. "But if the specific directions of the will cannot be carried out, or when carried out leave a surplus that cannot be used therefor, there must be a resulting trust for the heirs or next of kin unless there is a general charitable intent permitting the application of the fund to other charitable purposes under the cy pres doctrine. *Bragg* v. *Litchfield*, 212 Mass. 148,

151." *Holmes* v. *Welch*, 314 Mass. 106, 109. If a testator gives no indication that his bounty is not to be limited to the purposes provided in the will, the cy pres doctrine does not apply, and any surplus must be held on a resulting trust for his heirs or next of kin. *Holmes* v. *Welch, supra,* 109–110.

Until unequivocal renunciation, acceptance of a gift is presumed. *Daley* v. *Daley,* 308 Mass. 293, 299. *Garfield* v. *White,* 326 Mass. 20, 27. As it seems likely from the answer of the corporation sole that the gift will not be declined, this principle might be enough to decide the immediate issue, for we believe that it is well within the realm of reason that the entire bequest could be spent upon an altar in a new structure. In a large church there might be a main altar and two side altars. Of course, much would depend upon the material and the equipment deemed necessary. The parish meets in a temporary house of worship. We have no way of knowing how long before a permanent structure will be begun. We ought not virtually to remake the testator's will by introducing limitations of amount or of time, or to direct the entry of a decree which might operate to accelerate orderly development of building plans for the parish.

As executors, the petitioners are entitled to instructions only as to their present duties. *Hall* v. *Cogswell*, 183 Mass. 521, 523. *Goodrich* v. *Henderson*, 221 Mass. 234, 237. *Swift* v. *Crocker*, 262 Mass. 321, 328. See *Boston Safe Deposit & Trust Co.* v. *Northey, ante,* 110, 114. It would seem that they have made no attempt to pay the legacy. If the legatee is willing to accept, the duty of the executors is to make payment without concern as to future contingencies with which it appears they can have no official connection. *Mitton* v. *Treasurer & Receiver General*, 229 Mass. 140, 144. The due application of funds given to a public charity is the function of the Attorney General. G. L. (Ter. Ed.) c. 12, § 8. *Brookline* v. *Barnes*, 327 Mass. 201, 208. *Trustees of Dartmouth College* v. *Quincy*, 331 Mass. 219, 225.

The decree contained an order for the use of the legacy

cy pres. We see no occasion for such an order now. It will be season for that should report be made to the courts that an altar has been erected and the legacy not exhausted. We think, however, that the judge correctly treated this as a gift to a public charity. The mere fact that the altar was to be a memorial did not require a contrary result. *Richardson* v. *Essex Institute,* 208 Mass. 311, 317. *Massachusetts Institute of Technology* v. *Attorney General,* 235 Mass. 288, 297. *Old Colony Trust Co.* v. *O. M. Fisher Home, Inc.* 301 Mass. 1, 8. Scott on Trusts, §§ 368, 374.9. Gifts for the advancement of religion have been given wide scope. Restatement: Trusts, § 371. Scott on Trusts, § 371.1. See, for example, *McAlister* v. *Burgess,* 161 Mass. 269; *Teele* v. *Bishop of Derry,* 168 Mass. 341, 342; *Glaser* v. *Congregation Kehillath Israel,* 263 Mass. 435; *Curtis* v. *First Church in Charlestown,* 285 Mass. 73. An altar is an essential part of a church. The judge properly found that "the testator expressed a strong intent to exclude the respondent heirs at law and next of kin from participating in his estate." Indeed, the finding was required. The will itself said, "I purposely leave nothing to my relatives." In these circumstances, a finding of a general charitable intent is not hard to make when the alternative is to give the whole or part of the residue by intestacy to the very ones for whom the testator so conspicuously omitted provision. Even the absence of a gift over is some indication of a general charitable intent. *Milton* v. *Attorney General,* 314 Mass. 234, 239. The judge was correct in his implied ruling that the rights of the heirs at law and next of kin are divested. *Schouler, petitioner,* 134 Mass. 426, 427–428. *Mahoney* v. *Nollman,* 309 Mass. 522, 526.

The decree rightly provided that the altar is to be erected and established for the sole use and benefit of the parish of the Church of the Infant Jesus. This makes clear that the gift is not confined to an altar in the present church edifice.

The decree should be modified by striking out the words "and/or such suitable memorial or memorials as shall be

erected and established therein under the direction and supervision of said corporation sole, all," and as so modified, it is affirmed.

*So ordered.*