CHARLES F. DODSON & another, trustees, *vs.* MARGARET WINN
& others.

Worcester.    September 26, 1960. — November 8, 1960.

Present: WILKINS, C.J., SPALDING, WILLIAMS, WHITTEMORE, &
CUTTER, JJ.

*Devise and Legacy,* Intestacy, Heirs. *Power. Descent and Distribution.*

Under a will giving real estate to a trustee for the benefit of the testator's
son with power to alienate it on request in writing by the son or by his
will, but containing no other provision as to the real estate and no
residuary clause, the reversion of the real estate was intestate property
of the testator which passed to the son as the testator's sole heir and
was held by the son subject to defeasance by exercise of the power; and
upon the son's subsequent death intestate without issue and without
having requested exercise of the power the real estate descended in ac-
cordance with G. L. c. 190, §§ 1, 3, to his widow or to her and his other
heirs depending on the value of his estate.

PETITION, filed in the Probate Court for the county of
Worcester on April 27, 1959.

The case was heard by *Wahlstrom, J.*

*Joseph F. Sawyer, Jr.,* for the respondents Margaret
Winn and others.

*Charles F. Dodson,* for the respondent Alice F. McCarthy.

WILLIAMS, J. This is a petition for instructions by the
successor trustees of land devised in trust by one Dennis
McCarthy, late of North Brookfield, for the benefit of his
son Henry F. McCarthy, as to the present "ownership" of
the trust res. Dennis McCarthy died on January 4, 1947,
leaving his real estate to a trustee in trust for the benefit of
his son Henry with full power in the trustee "to mortgage,
lease and convey the same to any person or persons when
requested in writing by, or by will of, the said Henry F.
McCarthy, and to distribute the net proceeds thereof, if any,
to the said Henry F. McCarthy as he shall direct." Henry
died on November 21, 1958, intestate, leaving no issue and
without having exercised his power of appointment.

There was no residuary clause in his father's will and no provision for the disposal of the trust res except as above recited. The respondents are Henry's widow, Alice McCarthy, and Margaret Winn, Katherine Roosa and Frances Howard, nieces of Dennis. It was decreed by the Probate Court that "the trust res passes to the person who was the next of kin of said Dennis McCarthy as of the date of his death," and the three respondent nieces appealed.

In the absence of a devise over of the trust real estate by Dennis if Henry failed to exercise his power of appointment Dennis died intestate as to the reversion of this real estate, *Shea* v. *Maitland,* 237 Mass. 221, 225–226, and title to it passed to his heir. G. L. c. 190, § 3. *Easterbrooks* v. *Tillinghast,* 5 Gray, 17, 21. *McElroy* v. *McElroy,* 113 Mass. 509, 511. See *Bragg* v. *Litchfield,* 212 Mass. 148, 151–152; *Holmes* v. *Welch,* 314 Mass. 106, 109–110; *Mackey* v. *Bowen,* 332 Mass. 167, 169–170. Since his wife had predeceased him, his sole heir was his son Henry. During his life Henry held the reversion subject to defeasance by the exercise of his power of appointment. On his death it descended in accordance with the provisions of G. L. c. 190, § 3, to his heirs subject to his debts and the rights of his wife. She is his statutory heir under G. L. c. 190, § 1, as amended by St. 1956, c. 316, § 1, but whether the title to all or only one half of the real estate passed to her depends on the net worth of his estate. *Seavey* v. *O'Brien,* 307 Mass. 33, 39. *Holmes* v. *Holmes,* 194 Mass. 552, 559.

The decree is correct but it fails to instruct the trustees as to the present ownership of the trust res. They ask that the decree be affirmed, apparently on the assumption that the decree impliedly decides that the reversionary interest has vested in the widow. The decree ought not to be so construed and we must point out that the extent of the title vested in the widow depends on a determination of the net value of Henry's estate.

*Decree affirmed.*