349 Mass. 601 (1965)
211 N.E.2d 356
CITY OF WORCESTER
vs.
DIRECTORS OF THE WORCESTER FREE PUBLIC LIBRARY & others.
Supreme Judicial Court of Massachusetts, Worcester.
October 5, 1965.
October 29, 1965.
Present: SPALDING, WHITTEMORE, CUTTER, KIRK, SPIEGEL, & REARDON, JJ.
Harry J. Meleski, City Solicitor, for the City of Worcester.
Richard W. Mirick for the Directors of the Worcester Free Public Library.
James F. Queenan, Jr., for the interveners Jerome W. Howe & others.
SPALDING, J.
This is a petition in equity in the Probate Court brought by the city of Worcester to secure modification under the doctrine of cy pres of some of the terms of a trust created in a deed of gift and in the will of the late Dr. John Green. The petition requests that the power of *602 appointment of the personnel and directors of the city's library be taken from the library board of directors and the city council, respectively, and given to the city manager, and that the investment powers over funds bequeathed by the will of Dr. Green be transferred from the financial committee of the board of directors to the commissioners of trust funds of the city.
Ten taxpayers of the city were permitted to intervene. The case was submitted on the pleadings and a statement of agreed facts which incorporated eight exhibits. The judge, with certain exceptions not here material, refused to grant the modifications sought by the city and entered a decree ordering that the investment and management of the funds remain under the direction of the financial committee of the library's board of directors; that the board of directors continue to be chosen by the legislative body of the city; and that substantially all library personnel should continue to be appointed and removed by the directors.[1] The city appealed.
Dr. Green gave his library to the city by a deed of gift dated December 27, 1859. The gift was in trust "for the free use of the citizens and the public forever as a library of consultation and reference." Concurrently with Dr. Green's gift the Worcester Lyceum and Library Association, which had possession of the Green Library, transferred it together with its own library to the city.
By an ordinance passed on December 23, 1859, the city accepted the gifts and established the Free Public Library of the City of Worcester. Authority to hold the gifts and establish and support the library was granted by the Legislature in St. 1860, c. 14.[2] The 1859 ordinance has been reenacted with only minor changes, from time to time, the most recent version being c. 14 of the Revised Ordinances of 1951.
*603 Dr. Green died on October 17, 1865. By his will dated February 17, 1860, he bequeathed two funds to the city to establish the Green Library Fund (Clause Second), and the Librarian Fund (Clause Seventh). The two funds were paid to and accepted by the city.
The gifts described above were made upon the following conditions. The management and regulation of the library were to be vested in a board of directors chosen by the city council. The management and investment of the funds were to be under the direction of the financial committee of the board of directors. The treasurer of the city was to be the custodian of the funds.
In 1859 the form of government of the city included a mayor, board of aldermen, and common council. In 1950 the city adopted a Plan E charter. G.L.c. 43, §§ 93-116. In view of this change the city now takes the position that the investment powers of the trust funds should be transferred to the commissioners of trust funds of the city appointed pursuant to G.L.c. 41, § 45.[3] The city further contends that the appointment of the directors and of the library personnel should be transferred to the city manager by reason of G.L.c. 43, §§ 103-104.
These contentions cannot prevail. The deed of gift and the bequests constituted a public charitable trust (Drury v. Natick, 10 Allen, 169) and upon their acceptance the city bound itself to carry out their terms. It is only when it becomes impossible or impracticable to administer a charitable trust according to its terms that a court of equity will apply the doctrine of cy pres. Cary Library v. Bliss, 151 Mass. 364, 374. City Bank Farmers Trust Co. v. Carpenter, 319 Mass. 78, 80. Trustees of Putnam Free Sch. v. Attorney Gen. 320 Mass. 94, 98. Briggs v. Merchants Natl. Bank, 323 Mass. 261, 275, and cases cited.
Compliance with those provisions of the trust which the *604 city would have us modify is neither impossible nor impracticable; nor has it been shown that these provisions in any degree impede the execution of the public charitable purposes. Restatement 2d: Trusts, § 399, comment a. Dr. Green's will specifically provides that the Green Library Fund (Clause Second) and the Librarian Fund (Clause Seventh) shall be managed and invested by a committee of three of the directors. These instructions have been followed in the main. In support of its contention that this power to manage and invest should be transferred to the commissioners of trust funds appointed under G.L.c. 41, § 45, the city argues that § 45, inserted by St. 1907, c. 576, § 104, was not in existence when the trusts were created. Accordingly, so runs the argument, the donor merely provided a method for managing the trust which, because of § 45, is not now necessary. In other words, the provisions as to management and investment of the funds have been superseded by § 45. This contention lacks merit, for § 45 provides that the commissioners appointed thereunder "shall have the management of all trust funds given or bequeathed for the benefit of the town ... unless the donor in making the gift or bequest shall otherwise provide" (emphasis supplied). It is plain from the conditions attached to Dr. Green's gifts that the donor has otherwise provided.
The deed of gift provided that the board of directors be chosen by the city council. The city contends that this provision is contrary to G.L.c. 43, §§ 103 and 104, and makes the election of the board of directors by the Plan E city council illegal. We do not agree. Those sections charge the city manager under Plan E with the responsibility for the administration of "all departments, commissions, boards and offices of the city" whether created before or after the adoption of the plan, and give the manager the appointment and removal powers in those same agencies.
But, as pointed out above, by its unequivocal acceptance of the bequests the city bound itself to comply with the conditions thereof. Cary Library v. Bliss, 151 Mass. 364, 375-376. *605 City Bank Farmers Trust Co. v. Carpenter, 319 Mass. 78, 79-80. In addition, this acceptance created an obligation within the meaning of G.L.c. 43, § 2. The selection of the board of directors in the manner set out by Dr. Green is such an obligation, and is thus within the exceptions of G.L.c. 43, §§ 103 and 104, set out by § 2.[4] Nor is the selection of the board of directors by the city council impracticable by reason of a change in the form of government. Under Plan E, the city council not only still exists but also continues to bear the ultimate responsibility to the electorate for municipal affairs. True, under Plan E the city no longer has the bicameral council which existed when the trusts were created but the Plan E council is not so dissimilar as to make the selection of directors by it impossible or impracticable.
In contending that the directors ought not to continue to manage the trust, the city stresses the fact that the legal title to the property given to it by Dr. Green is in the city. But what was said in answer to a similar contention in the closely analogous case of Cary Library v. Bliss, 151 Mass. 364, is applicable here. There at pages 371-372 it was said by Knowlton, J., "It is perhaps not of much consequence in the consideration of this case, or in the practical management of the trust, whether the legal title to the fund, or to the library itself, was in the trustees or in the town. In either case, the trustees had the management and control of the fund and of the library. They had not a mere naked power, but a power coupled with a trust." See Drury v. Natick, 10 Allen, 169, 175.
The deed of gift provided that the board of directors select the librarian; the implementing ordinances of the city of Worcester from the beginning gave the board, in addition, *606 the power of selecting "all subordinate officers that they may deem expedient." And these powers both as to the librarian and the subordinate officers have always been exercised by the directors. The city now argues that this is violative of G.L.c. 43, §§ 103 and 104. What we have said earlier as to the effect of the Plan E charter on the rights of the directors is equally applicable here.
Decree affirmed.
NOTES
[1] Other modifications of the trust sought by the city were permitted, but no question relating to them is before us.
[2] The statute was to become effective upon its acceptance by the city council; it was accepted by the council on February 6, 1860.
[3] Section 45 reads in relevant part, "Any city or town, except Boston, may create a board of commissioners of trust funds, consisting of three persons who shall have the management of all trust funds given or bequeathed for the benefit of the town or the inhabitants thereof, unless the donor in making the gift or bequest shall otherwise provide."
[4] "Any city, except Boston, which shall adopt, in the manner hereinafter prescribed, one of the plans of government provided in this chapter shall thereafter be governed by the provisions thereof; and the inhabitants of such city shall continue to be a municipal corporation under the name existing at the time of such adoption, and shall have, exercise and enjoy all the rights, immunities, powers and privileges, and be subject to all the duties, liabilities and obligations provided for in this chapter, or otherwise pertaining to or incumbent upon said city as a municipal corporation" (emphasis supplied).