HARRIS B. STEARNS & another, executors & trustees, *vs.*
LESLIE L. BEMIS & others.

Suffolk. January 21, 1904. — February 26, 1904.

Present: KNOWLTON, C. J., LATHROP, BARKER, HAMMOND, & BRALEY, JJ.

*Will,* Waiver of provisions of. *Widow.*

Under R. L. c. 135, § 16, the right of a widow to waive the provisions of the will of
her deceased husband made in it for her, can be exercised only by filing an ab-
solute waiver, and the filing of a writing, purporting to waive the provisions of
the will for her in case a certain construction is given to another portion of the
will and not otherwise, is of no effect.

BILL IN EQUITY, filed June 8, 1903, by the executors and
trustees under the will of John W. Bemis, late of Boston, for
instructions.

The case came on to be heard before *Morton,* J., who, at the
request of the parties, reserved it upon the bill and answers for
determination by the full court, such decree to be entered as
equity and justice might require.

*B. B. Jones & F. P. Cabot,* for the widow.

*W. H. White,* guardian *ad litem* of the minor children of the
testator, *pro se.*

KNOWLTON, C. J. This is a bill brought by executors and
trustees under the will of John W. Bemis, late of Boston, de-
ceased, for instructions as to their duties. The testator left a
large estate, most of which he gave to trustees for the benefit of
his widow and minor children, with remainder over to other
relatives in case his children should die leaving no issue sur-
viving them.

The widow, within one year after the probate of the will, filed
in the Probate Court a writing signed by her, in which she re-
cited the death of the testator and the provisions of the will in
her favor and in favor of her children, and then proceeded as fol-
lows: "Therefore, the said Leslie Lepington Bemis hereby, as
stated in this writing as a whole, waives and declines to accept
the provisions made in said will for her and claims such portion
of the estate of the deceased as she would have taken if the de-

ceased had died intestate, that is, she claims such portion to the
extent of ten thousand dollars absolutely and, in addition thereto,
the income during her life of the excess of her share of such es-
tate above ten thousand dollars, if, under the terms of said will
and by reason of its provisions and operation and by reason of the
laws of the Commonwealth, upon this waiver, declination and
claim, her said two children forthwith become entitled to the
net income of the remaining fund left in trust by the will, even
though said Leslie is still living and unmarried.

" The said Leslie does not waive and decline the provisions
made in said will for her, and does not claim such portion of the
estate of the deceased as she would have taken had said deceased
died intestate as hereinbefore set forth, but expressly accepts the
provisions made in said will for her, if said will by its terms or
by reason of its provisions and operation and by reason of the
laws of the Commonwealth does not entitle her said two children
or their guardian to the net income of said trust fund forthwith
though the said Leslie is living and unmarried, she, the said
Leslie, having made this waiver, declination and claim, or if said
will by its terms or by reason of its provisions and operation and
by reason of the laws of the Commonwealth postpones payment
of such income to said children or their guardian until the death
or remarriage of said Leslie, she, the said Leslie, having made
this waiver, declination and claim." The plaintiffs are in doubt
and ask the instructions of the court whether the construction of
the will should be such as to give this writing effect as a waiver
by the widow of the provisions for her benefit. The counsel for
the widow in their brief say : " Furthermore, the question pre-
sented to the widow under the statutes and by the will, in view
of the decisions of this court by divided opinions hereinafter
discussed, was not free from difficulty. A widow should not
unnecessarily be compelled to make an election absolute in form
at her peril upon a question concerning which the members of
this court may differ."

The R. L. c. 135, § 16, is in part as follows: " The surviving
husband, except as provided in section thirty-six of chapter one
hundred fifty-three, or the widow of a deceased person, at any
time within one year after the probate of the will of such de-
ceased, may file in the registry of probate a writing signed by

him or by her, waiving any provisions that may have been made in it for him or for her, or claiming such portion of the estate of the deceased as he or she would have taken if the deceased had died intestate, and he or she shall thereupon take the same portion of the property of the deceased, real and personal, that he or she would have taken if the deceased had died intestate," etc. Then follow certain exceptions which are not now material.

We meet at the outset the question whether such a waiver, to take effect, must be absolute, or whether it may be contingent upon the decision that may afterwards be made of a doubtful question of law. We deem it pretty plain that a person contemplating such a waiver must determine for himself, in view of the facts as they are and the law as it is, whether he will waive the provisions of the will or not, and make a statement in writing accordingly; otherwise great uncertainty might be introduced into the settlement of estates of deceased persons. Parties interested as heirs or devisees or legatees would be troubled with doubts created by the surviving husband or widow, in regard to their legal rights in reference to a condition whose existence was due to the filing of the writing. Embarrassments would arise, as in the present case, such that executors or trustees would not know how to perform their official duties without a decision and instructions from the court. It might happen that if executors or trustees did not find it necessary to bring a suit to determine the legal questions raised by the filing of the paper, other persons interested in the estate might be left for years without knowledge whether the writing filed was or was not a waiver of the provisions of the will, for there might be cases where the questions raised would concern the interests in remainder of those who would not, for a long time, be in a position to bring a suit to determine their rights. The surviving husband or widow is in as good a position to know the legal effect of a waiver as any one. If the law is plain in regard to the questions raised by a waiver he ought to determine whether to file an effectual waiver. If the law is doubtful he ought to resolve the doubt as well as possible for himself, and not to create a condition which gives rise to uncertainty, and then decline to act definitely until a suit has been brought by others and the doubt dispelled by a decision of the court.

The statute permits the filing of a waiver at any time within a year after the probate of the will. It contemplates a writing whose meaning is clear and whose effect is to waive the provisions of the will. It assumes that the executors will then know whether the estate is to be settled according to the provisions of the will or according to the law applicable when a waiver has been filed. Upon the contention of the widow in this case, a writing may be filed which will suspend the settlement of the estate, and leave everybody uncertain for a long time whether there is or is not a waiver.

The writing filed in the present case does not purport to be an absolute waiver. It is a claim of a right to file a writing which shall leave undetermined the question whether the widow will waive the provisions of the will until it shall be decided what the law applicable to this will would be if an absolute waiver were filed. The filing of this writing was, therefore, of no effect.

As there was no waiver of the provisions of the will, we understand that there are no further questions upon which the plaintiffs need the instructions of the court.

*Decree accordingly.*