TOWN OF PEPPERELL *vs.* SENA S. WHIPPLE & others.

Middlesex. May 11, 1951. — September 13, 1951.

Present: QUA, C.J., LUMMUS, WILKINS, WILLIAMS, & COUNIHAN, JJ.

*Devise and Legacy*, Acceptance or rejection by beneficiary, Aggregate or separate gifts.

A nurses' association, which under a will was to receive real estate for a recreation home at the death of a life tenant "or at such time during her life as she shall wish to give up said real estate" and was to receive at the same time, "absolutely and free of . . . trust," a trust fund established to pay expenses of the real estate meanwhile, did not renounce the gift of the trust fund where, before the life tenant had formally relinquished the real estate, the association voted to "decline the . . . estate since it would be a great liability" and, after a formal relinquishment by the life tenant, adopted a vote declining the "real estate" for stated reasons but "reserving . . . all rights to all other benefits given by said will, especially the gift made by" the clause thereof respecting the trust fund.

Under a will containing in its seventh clause a devise of real estate to a nurses' association for a recreation home at the death of a life tenant or at such time as she might "give up said real estate," and in its eighth clause establishing a trust to use the income for expenses of the real estate until the death of the life tenant or a relinquishment of the real estate by her and then to pay the trust fund to the association "absolutely and free of this trust," the devise and the bequest to the association were not one aggregate gift but two separate gifts, and the association was not precluded from taking the trust fund by having renounced the real estate.

PETITION, filed in the Probate Court for the county of Middlesex on February 23, 1950.

The case was heard by *Leggat, J.*

*T. Gardiner*, for the respondent Massachusetts General Hospital Nurses Alumnae Association, Incorporated.

*M. R. Durkin*, Town Counsel, for the petitioner, submitted a brief.

COUNIHAN, J.   This is a petition brought in the Probate Court by the town of Pepperell as residuary legatee under the will of Ida E. Shattuck, late of Pepperell, hereinafter called the testatrix, to secure a determination that it is entitled to the corpus of a trust fund established by said will and for its distribution.   G. L. (Ter. Ed.) c. 203, § 25. Compare G. L. (Ter. Ed.) c. 215, § 6, as amended.   The judge after hearing entered a decree ordering the trustee to distribute said trust fund to the petitioner for the use of the Lawrence Public Library in said town.   The other claimant, the Massachusetts General Hospital Nurses Alumnae Association, Incorporated, hereinafter called the association, appeals.

The petition was heard by the judge upon a statement of agreed facts which the judge incorporated in his report of material facts and which contained all of the facts upon which the decree is based.   From this it appears that the testatrix died in 1928 leaving a will duly admitted to probate, the pertinent provisions of which are as follows: "Seventh: All of my real estate in said Pepperell, with the house and barn thereon, together with the household goods, furniture, tools and other personal property contained therein, I give and devise to the said Sena S. Whipple for her use during her life or for such part of her life as she may wish to use the same.   At the death of the said Sena S. Whipple or at such time during her life as she shall wish to give up said real estate I give and devise the same to the Nurses Alumnae Association of the Massachusetts General Hospital at Boston, Massachusetts, to be used for a nurses' recreation home.   Eighth: I give to Robert H. J. Holden of Shirley, Massachusetts, the sum of Four Thousand Dollars ($4,000) in trust, nevertheless, to invest the same in investments authorized by law for trust funds and to use the in-

come thereof for the payment of insurance, taxes and repairs on the real estate in said Pepperell which I have devised to Sena S. Whipple for life by the seventh clause of this will. Upon the death of the said Sena S. Whipple or at such time as the said Sena S. Whipple may give up the use of said real estate during her life my said trustee shall pay the principal of said trust fund and any accrued income thereon absolutely and free of this trust to the said Nurses' Alumnae Association of the Massachusetts General Hospital at Boston, Massachusetts. . . . Tenth: All of the rest, residue and remainder of my estate real and personal, wherever situated, of which I may die, seized or possessed or to which I may be entitled or in any way interested or concerned at the time of my death I give and devise to the said Town of Pepperell for the use of the Lawrence Public Library in said town."

The record does not disclose whether or not Sena S. Whipple, the life tenant, ever entered into possession or occupied the property described in clause seven, but sometime in 1946 she expressed to the officers of the association a desire to relinquish her interests under clauses seven and eight of the will. She and officers of the association visited the property and thereafter the association declined to accept the property in the following manner: "It was voted that we decline the offer of the Whipple estate (sic) since it would be a great liability." Notice of this vote was received by Miss Whipple and Mr. Holden, the trustee. Between 1946 and 1949 Miss Whipple made several ineffectual attempts to divest herself of her life tenancy and in 1949 she executed a document relinquishing all title and interest in the property.[1] In January, 1950, the association, following corre-

---

[1] "Renouncement of All Right, Title and Interest Under the Will of Ida E. Shattuck, Late of Pepperell, Massachusetts    Respectfully represents Sena S. Whipple, now residing at 301 South Huntington Avenue, Boston, Suffolk County, Commonwealth of Massachusetts; That under the Seventh Clause of the will of Ida E. Shattuck, late of Pepperell, County of Middlesex in said Commonwealth, which will was duly filed in the Middlesex Probate Court, No. 179,340, there was bequeathed to me, Sena S. Whipple, all of the real estate of the said Ida E. Shattuck in said Pepperell, with the house and barn thereon, together with the household goods, furniture, tools and other personal property contained therein, for my use during my life or for such part of my

spondence between counsel for the town and counsel for the association, passed the following vote: "That, since the real estate in Pepperell, Massachusetts, given to the Massachusetts General Hospital Nurses Alumnae Association, Incorporated, under the will of Ida E. Shattuck, is inaccessible to the members of said Association, and since it does not seem feasible for the Association to operate it as a nurses' recreation home, as specified under the terms of the will, the Massachusetts General Hospital Nurses Alumnae Association, Incorporated, hereby declines to accept the gift of this real estate, reserving, however, all rights to all other benefits given by said will, especially the gift made by Article 8 of the will." Prior to this the association made no demand or claim for the proceeds or income of the trust fund set up under clause eight although cognizant of the terms of the will.

It was further agreed that the testatrix was very proud of her house and grounds in Pepperell and looked forward to the use of the property by the association without contemplating that it might refuse the gift. She had been a member of the association and had been active and interested in its affairs.

The town bases its right to the trust on two theories: that by its vote in 1946 the association disclaimed and renounced all interests given to it by said will, or that the association cannot reject the property devised to it under clause seven and accept the benefit of the legacy under clause eight because the testatrix intended that these clauses should comprise one aggregate gift. The association asserts that it has never disclaimed or renounced its right to the trust fund bequeathed to it by clause eight and that it is therefore entitled to have such fund distributed to it.

life as I may wish to use the same. The said Seventh Clause of the will also states: 'At the death of said Sena S. Whipple or at such time during her life as she shall wish to give up said real estate, I give and devise the same to the Nurses Alumnae Association of the Massachusetts General Hospital at Boston, Massachusetts, to be used for a nurses recreation home.' WHEREFORE, I, the said Sena S. Whipple, state that I do not wish to use the said property as devised to me under the Seventh Clause of the will of Ida E. Shattuck, and I do hereby remise, release and renounce forever all right, title and interest I may have in or to the said property. Sena S. Whipple.''

We are of opinion that the claim of the association is a just one and that the judge erred in ordering distribution of the trust fund to the town.

It is well settled that a devisee or legatee may disclaim or renounce a gift, but such a disclaimer or renunciation must be clear and unequivocal, for it is presumed that he will assent to the provisions of a will which are apparently beneficial to him. *Garfield* v. *White*, 326 Mass. 20, 27, and cases there cited. The vote in 1946 was not a clear and unequivocal renunciation of the gift of the trust fund. It referred only to "the offer of the Whipple estate (sic) since it would be a great liability." Clearly this referred only to the real estate and personal property described in clause seven of which Miss Whipple was the life tenant. It is inconceivable that it referred to the proceeds of the trust fund which under the terms of the bequest to it could impose no liability. Clause eight constitutes an outright gift free and clear of the trust. Furthermore, that vote came at a time when Miss Whipple had made no formal renunciation of her life tenancy but had only expressed a desire to do so. It is to be noted that after the formal relinquishment of her rights by Miss Whipple in 1949 the association, after correspondence between its counsel and counsel for the town, passed the vote declining to accept the devise under clause seven, with adequate reasons for its action, but expressly and unequivocally reserving its rights under clause eight.

The town stresses the fact that the association failed to demand the proceeds of the trust fund from 1946 to 1949, but here again it is to be noted that during this period Miss Whipple never definitely gave up the real estate, and it is to be presumed that the income of the trust fund was required for the payment of insurance, taxes and repairs on the real estate as provided in clause eight.

There is no merit in the contention of the town that the devise in clause seven and the bequest in clause eight comprised one aggregate gift. Nothing in the will indicates that one was dependent upon the other. No conditions of any kind were attached to the bequest of the trust fund.

Each gift is complete in itself. If the testatrix intended that the trust fund should be used to maintain the property in Pepperell, she could have said so expressly as she did with the disposition of the income of the trust until such time as Miss Whipple should give up her life tenancy.

There is no rule of law that bars the association from disclaiming a gift which it feels will prove burdensome and at the same time accepting a beneficial provision of the will. In Jarman on Wills (7th ed.) pages 530–531, it is said, "Where by the same will two properties are given to the same person, one beneficial and the other burdensome, he is generally at liberty to accept the former and reject the latter, although by so doing he throws a burden on the testator's general estate, which, if he accepted both, must be borne by himself . . .. The cases are not easy to reconcile, but the test seems to be whether or not the gifts are separate and distinct. If onerous property and beneficial property are included in the same gift, as an aggregate, then, unless a contrary intention appears by the will, the donee cannot disclaim the onerous property and accept that which is beneficial; he must take the whole gift or nothing. But if two distinct gifts are made by the same will, one of them being onerous and the other beneficial, the donee may reject the former and take the latter." See also Page on Wills, § 1410; *Ward* v. *Ward*, 15 Pick. 511, 524–527; *Hapgood* v. *Houghton*, 22 Pick. 480, 483–484.

The decisive question is the intent of a testator and we are of opinion that here the testatrix clearly intended two distinct and separate gifts.

The decree is reversed and the cause is remanded to the Probate Court for the entry of a decree in accordance with this opinion. Costs and expenses of the appeal are to be in the discretion of the Probate Court.

*So ordered.*