SECOND BANK-STATE STREET TRUST COMPANY, trustee, *vs.* YALE UNIVERSITY ALUMNI FUND & others.

Suffolk. December 3, 1958. — February 6, 1959.

Present: WILKINS, C.J., RONAN, WILLIAMS, COUNIHAN, & WHITTEMORE, JJ.

*Power. Devise and Legacy*, Power, Residuary clause, Acceptance by beneficiary. *Renunciation.*

A will containing as its single dispositive provision a general devise and bequest of all the testator's estate showed no intent on the testator's part not to exercise, and did effectively exercise, a power reserved to him in an indenture of trust executed by him before execution of his will "to appoint by will the whole or any part of . . . [the trust fund] so that the same may be disposed of after . . . [his] death otherwise than is provided" in the indenture. [524]

Evidence of the conduct of the life beneficiary of a trust after the death of the settlor warranted conclusions that the beneficiary was unaware that the settlor's will giving to him all the settlor's estate operated as an exercise of a general testamentary power of appointment over the trust fund reserved by the settlor in the indenture of trust and that the beneficiary mistakenly considered the trust as continuing for his life in accordance with the terms of the indenture, and did not show a clear and unequivocal disclaimer or renunciation by the beneficiary of the gift of the trust fund made by the appointment in the settlor's will; and, upon the beneficiary's death, the trust fund was payable to his estate rather than to the remainderman named in the indenture. [524–525]

PETITION, filed in the Probate Court for the county of Suffolk on December 10, 1956.

The case was heard by *Wilson, J.*

*Charles Y. Wadsworth*, stated the case.

*Richard Wait*, for the respondent Yale University Alumni Fund.

*Hervey W. King*, (*Victor H. Kazanjian* with him,) for the respondent Second Bank-State Street Trust Company, executor and trustee.

*John T. Noonan, Jr.*, (*Alex J. McFarland* with him,) for the respondent Massachusetts Memorial Hospitals.

*Vincent P. Clarke & George S. Parker*, for the respondent Morgan Memorial, Inc., submitted a brief.

*John A. Perkins*, for the respondent The Salvation Army of Massachusetts, Incorporated, submitted a brief.

WILLIAMS, J. The bank, as trustee under an indenture of trust, executed on December 31, 1934, with Henry C. Nutt, asks instructions as to whom and in what proportions the trust fund is payable. The indenture provided that the trustee should pay the income to the settlor for life and upon his death to his brother Frank A. Nutt for his life. Upon the latter's death the balance was to be paid to Yale University Alumni Fund.

Pertinent provisions of the indenture are as follows: "Said First Party [the settlor] expressly reserves the right to revoke this trust during his lifetime in whole or in part at any time he may see fit by instrument in writing notifying said Second Party [the bank] of such revocation. . . . Said

First Party hereby also reserves the right to appoint by will the whole or any part of said Fund so that the same may be disposed of after said First Party's death otherwise than is provided in this instrument."

"[I]n event that said Frank A. Nutt shall survive said First Party then during the life of said Frank A. Nutt he shall have the right to demand payments or transfers of all or any part of said Fund to him free and discharged from all trusts the balance of said Fund (if any remaining on the death of said Frank A. Nutt) to go free and discharged from all trusts to the University Alumni Fund of Yale University at New Haven, Connecticut."

The settlor died on September 26, 1942, a resident of Pittsburgh, Pennsylvania. He left a will dated March 15, 1938, the single dispositive provision of which was, "I give, devise and bequeath to my brother, Frank A. Nutt of No. 86 Babcock Street, Brookline, Massachusetts, all of my estate, real, personal and mixed, absolutely and in fee simple." Frank A. Nutt was the sole heir of Henry C. Nutt. The will was probated in the Orphans' Court for Allegheny County, Pennsylvania, and thereafter by ancillary proceedings in Norfolk County of this Commonwealth. Frank A. Nutt was appointed both executor and ancillary executor of the will.

After the death of Henry C. Nutt, the trustee of said indenture of December 31, 1934, continued to hold and administer said trust fund and thereafter paid the net income to or for the benefit of the said Frank A. Nutt or held it upon his directions until his death.

Frank A. Nutt died on July 10, 1955, leaving a will dated January 31, 1946. By the terms of said will two annuities were created, with the remainder of the property to be distributed as follows: Twenty-five per cent to Morgan Memorial Coöperative Industries and Stores, Inc., twenty-five per cent to The Salvation Army of Massachusetts, Incorporated, and fifty per cent to the Massachusetts Memorial Hospitals, all respondents in this proceeding. Said will was admitted to probate on August 17, 1955 (Norfolk probate

No. 136113), and Second Bank-State Street Trust Company was appointed executor on said date.

The bank prays the following instructions: "1. Whether by his will Henry C. Nutt exercised the testamentary power of appointment reserved to him under the trust of December 31, 1934? 2. In the event that there was such an exercise by Henry C. Nutt, is the estate of Frank A. Nutt now precluded from asserting his rights as appointee by reason of any renunciation by him? 3. In the event that Frank A. Nutt is so precluded from asserting his rights as appointee: (a) Does said trust property pass under the provisions of said indenture of trust of December 31, 1934, to Yale Alumni Fund? (b) Does said trust property pass under the provisions of said will of Henry C. Nutt to Frank A. Nutt? (c) Does said trust property pass through the estate of Henry C. Nutt as intestate property to Frank A. Nutt? (d) Does the trust property pass through the estate of Henry C. Nutt as intestate property to the next of kin of Henry C. Nutt other than Frank A. Nutt? (e) To whom and in what proportions is the trust property payable? 4. In the event Frank A. Nutt did not renounce his interest in the trust property, is the trust property payable to the estate of Frank A. Nutt? 5. In the event that Henry C. Nutt did not exercise the testamentary power of appointment reserved to him, is the trust property payable to Yale Alumni Fund? 6. To whom and in what proportions is the trust property payable? 7. And for such other and further relief as the court deems meet and proper."

On February 27, 1957, the petition was taken for confessed against all respondents other than the bank as executor of Frank's estate, the Yale University Alumni Fund, Massachusetts Memorial Hospitals, The Salvation Army of Massachusetts, Incorporated, Morgan Memorial Coöperative Industries and Stores, Inc., and the Attorney General.

After a hearing, the evidence taken thereat being reported, the court entered the following decree: "(1) that Henry C. Nutt by his will exercised the testamentary power of appointment reserved to him under the trust of December 31, 1934;

(2) that there was no renunciation by Frank A. Nutt, and his estate is not precluded from asserting his rights as appointee under the will of Henry C. Nutt by reason of any renunciation, resettlement, or otherwise; (3) that the trust property is payable to the estate of Frank A. Nutt; (4) that there be paid out of the principal of said trust fund costs and expenses, including counsel fees, to counsel for the various parties." From this decree Yale University Alumni Fund has appealed.

Since the decision in *Amory* v. *Meredith,* 7 Allen, 397, it has been a settled canon of construction that a general residuary clause will operate as an execution of a general testamentary power unless a contrary intent is shown by the will. See *Willard* v. *Ware,* 10 Allen, 263, 267; *Garfield* v. *State St. Trust Co.* 320 Mass. 646, 656–657; *Boston Safe Deposit & Trust Co.* v. *Painter,* 322 Mass. 362, 366, and cases cited. In the case last cited it is said at page 367 that the "inquiry is not whether the will shows affirmatively an intention to exercise the power . . . [but] whether the will shows affirmatively an intention not to exercise the power."

The will of Henry which contained a single disposing clause, namely a general devise and bequest of all of his estate to Frank, showed no intent not to execute the power reserved in the indenture of trust and it must be held that the power was effectively executed.

The appellant contends, however, that, if the application of the canon made Henry's will an exercise of the power, Frank renounced the gift of the trust fund resulting from such exercise. Doubtless an appointee under a power may disclaim or renounce a gift bestowed by its exercise but the disclaimer or renunciation must be clear and unequivocal. *Garfield* v. *White,* 326 Mass. 20, 27, and cases cited. There was evidence that Frank as executor of his brother's will filed a Federal estate tax return and to the question "Did the decedent, at any time, by will or otherwise, transfer property by the exercise of a general power of appointment?" answered "No." On December 7, 1942, Frank wrote to his attorney expressing surprise and disappointment that

the trust fund should be subject to the inheritance tax "at least until it is finally dissolved and turned over to Yale." He made no withdrawal of principal from the trust fund, and an official of the trustee bank, now deceased, noted that "[he] does not want to invoke power to demand principal which is reason for holding income against a time when his expenses may be heavy and we may have to pay his bills. Has outside income of $5,000." Subsequently on January 24, 1955, Frank wrote to the trustee bank authorizing it to pay from the accumulated income of the trust "all hospital, nursing and medical bills and any other expenses for my care during any time when I am ill and unable to take care of these expenses myself."

In his "inventory and appraisement" of the assets of Henry's estate Frank as executor listed the cash and securities which were not in the trust and made a note below this list, "In addition, for inheritance tax purposes, there is attached hereto a list of the securities, together with their values as of Sept. 26, 1942, which decedent had deposited with the State Street Trust Company under the terms of a trust agreement, a copy of which is also attached hereto." In his petition for the distribution of Henry's estate he scheduled "securities on deposit with State Street Trust Company" as a separate item.

We think that this evidence fails to show that Frank intended to disclaim or renounce the gift of the trust fund. His conduct rather implies that he was unaware of the legal import of Henry's will and that he mistakenly considered the trust as continuing according to the original terms of the indenture.

There was no error in the instructions of the Probate Court.

*Decree affirmed.*