ARNOLD D. CHASE & another,[1] executors, *vs.* BESSIE
CHASE & others.[2]

Worcester.    April 10, 1973. — May 2, 1973.

Present: HALE, C.J., GOODMAN, & GRANT, JJ.

*Devise and Legacy,* Disclaimer by beneficiary, Residue, Intestacy.

Upon the filing in a Probate Court by the children of a testator of a
disclaimer of the residue of his estate left to them by his will, the
residue passed as intestate property under G. L. c. 190, § 1 (2), to his
wife and children. [281-282]

PETITION for instructions filed in the Probate Court for
the county of Worcester on May 1, 1972.

The case was heard by *Rice,* J.

*Darragh K. Kasakoff* for the petitioners.

GRANT, J.    By Item I of his will Louis Chase devised the
family home and bequeathed identifiable tangible person-
al property to his wife; in Item II he stated that he made no
further provision for his wife, at her request; and by Item III
he gave "[a]ll the rest, residue and remainder of my estate
of whatsoever nature and wheresoever situated, which I
may own or have the right to dispose of at my decease, to my
children in equal shares per capita. . . ." The will makes no
other provision for the disposition of the residue of the
estate. Prior to the entry of the decree allowing the will
Chase's five children filed a written disclaimer in the
Probate Court by which they each "disclaim[ed] any and
all provisions which may have been made for us or for our
benefit under" the will.

---

[1] Lydia Izenstatt.

[2] Arnold D. Chase, Harold W. Chase, Gordon Chase, Herbert S. Chase and
Lydia Izenstatt. These individuals, all of full age, are the five children of Bessie
Chase and Louis Chase.

The executors of the will thereupon filed a petition in the Probate Court in which they recited the foregoing facts and by which they asked to be instructed, in effect, that the disclaimer required the residue of the estate to be distributed as intestate property. G. L. c. 190, § 1 (2). Notice was given to all beneficiaries, none of whom appeared in favor of or in opposition to the petition. Following a hearing, at which no evidence was taken, and the filing of a brief by the executors, the court, without stating any reason for its action, entered a decree dismissing the petition. The executors have appealed from that decree. We approach the case unaffected by the decision of the probate judge. See *Fiduciary Trust Co.* v. *First Natl. Bank,* 344 Mass. 1, 4, and cases cited.

Although there are several Massachusetts cases discussing the disclaimer of a devise or a bequest in general terms (see *Stebbins* v. *Lathrop,* 4 Pick. 33, 43-44; *Daley* v. *Daley,* 308 Mass. 293, 299-300; *Garfield* v. *White,* 326 Mass. 20, 27; *Mackey* v. *Bowen,* 332 Mass. 167, 170) and at least two such cases holding or indicating that the beneficiary's disclaimer of a specific devise causes the devised property to fall into the residue of the estate (*Sawyer* v. *Freeman,* 161 Mass. 543, 546; *Pepperell* v. *Whipple,* 327 Mass. 688), we have not been referred to, nor have we found, any case under our law dealing with the effect of a disclaimer of a residuary devise or bequest. Courts of other states which have had occasion to consider the effect of a disclaimer of a residuary devise or bequest have concluded that the disclaimed property should pass as in intestacy. See *Bradford* v. *Leake,* 124 Tenn. 312, 329; *Brown* v. *Kalene,* 230 Iowa 76, 78-79; *Perkins* v. *Isley,* 224 N. C. 793, 798; *In re Bradbury's Estate,* 53 N. Y. S. 2d 948, 949.[3] See

---

[3] In the *Bradbury* case the beneficiary had renounced not only his share of the residue but also any interest he might have in the estate as a whole. We construe the disclaimer in the present case to be limited to the residuary gifts which would otherwise flow under Item III of the will and not as an attempt to disclaim what might come to the children as the result of distributing the residue as intestate property.

also Page, Wills (Bowe-Parker ed.) § 49.12; Atkinson, Wills (2d ed.) § 139.

We agree with the executors that there should be no distinction between the present case, in which the residuary bequests have been disclaimed, and the case in which there is a lapse of a residuary bequest. Our law is clear that in the latter case the residue is to be distributed as intestate property. *Lyman* v. *Coolidge,* 176 Mass. 7, 9. *Dresel* v. *King,* 198 Mass. 546, 548. *Crocker* v. *Crocker,* 230 Mass. 478, 482. *Casey* v. *Genter,* 276 Mass. 165, 170. Accordingly, we hold that one third of the residue of the estate in this case is to be distributed to the testator's wife and the other two thirds are to be distributed in equal shares to the five children.

The decree of the Probate Court is reversed and a new decree is to be entered in conformity with this opinion.

*So ordered.*